UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOANNE SANTIAGO,

        Plaintiff,

        - against –

NEW YORK UNIVERSITY LANGONE HOSPITALS,

        Defendants.

-------------------------------------------------------------------x

No. 22-CV-10061
ECF Case

**COMPLAINT
AND JURY DEMAND**

Plaintiff Joanne Santiago, by her attorneys, Bantle & Levy LLP, as and for her complaint against Defendant New York University Langone Hospitals ("NYU Langone"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for employment discrimination based on disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.* (the "ADA"), the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et. seq.* (the "NYCHRL").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as her ADA claims.

4.      Venue is properly lodged in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful acts and discriminatory practices alleged herein were committed within the district of the United States District for the Southern District of New York.

5.      All conditions precedent to jurisdiction under the ADA, 42 U.S.C. § 12117(a) (which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 52 U.S.C. § 2000e-5), have occurred or been complied with:

   a. On or about July 26, 2021, Plaintiff filed a written Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC").

   b. In her Charge of Discrimination, which was filed within 300 days of the adverse actions of which she complains in this action, Plaintiff alleged that NYU Langone discriminated against her on the basis of her disability.

   c. On or about September 2, 2022, the EEOC issued a Right to Sue notice to Plaintiff.

   d. This Complaint has been filed within ninety days of Plaintiff's receipt of the EEOC's Right to Sue notice.

**PARTIES**

6.      Plaintiff Joanne Santiago ("Santiago") is a citizen of the State of New York and currently resides in the Bronx, New York.

7.      At all times relevant herein, Santiago is and was a person within the meaning of the ADA, 42 U.S.C. § 12111(7), the NYSHRL, N.Y. Exec. L. § 296(1), and the NYCHRL, N.Y.C. Admin. Code § 8-102.

8. Upon information and belief, Defendant New York University Langone Hospitals ("NYU Langone" or the "Medical Center") is a domestic not-for-profit corporation with offices at 550 First Avenue, New York, New York 10016.

9. Upon information and belief, NYU Langone is an academic medical center.

10. At all times relevant herein, NYU Langone is and was an employer within the meaning of the ADA, 42 U.S.C. § 12111(5), the NYSHRL, N.Y. Exec. L. § 292, and the NYCHRL, N.Y.C. Admin. Code § 8-102.

## STATEMENT OF FACTS

*Santiago Applies for a Staff Nurse Position and NYU Langone Offers Her The Position*

11. Santiago graduated with her Bachelor of Science in Nursing from Herbert H. Leman College – CUNY in May 2020.

12. In or about early September 2020, Santiago applied for the position of Staff Nurse for Nursing Resource Team – ICU at NYU Langone in New York City.

13. Santiago was interviewed for the position by an NYU Langone Talent Acquisition Specialist, Katherine Iseman ("Iseman"), on or about September 14, 2020.

14. Subsequently, Santiago participated in a second interview with a NYU Langone Nurse Manager.

15. Following her second interview, Iseman called Santiago and extended an offer of employment with NYU Langone. During that phone call, Santiago accepted the offer.

16. On September 18, 2020, Iseman followed up her verbal offer of employment with a written offer of employment for the position. The offer of employment letter stated that Santiago would begin orientation on October 12, 2020 (the "Offer").

17. Shortly after Santiago accepted the Offer, she disclosed to a registered nurse from the NYU Langone Occupational Health Services Department that she has a herniated disc in her neck and, as a result, was not able to lift more than thirty pounds.

18. When disclosing her medical condition, Santiago also advised the nurse that she did not believe her impairment would affect her ability to do the job.

19. During this conversation, Santiago emphasized that guidance issued by the National Institute for Occupational Safety and Health (the "NIOSH") states that nurses should only lift a maximum of thirty-five pounds.

20. Upon information and belief, NYU Langone adheres to and endorses this guidance by the NIOSH.  As part of Santiago's orientation onboarding for the Staff Nurse position, Santiago viewed a Powerpoint presentation by NYU Langone, entitled "Nursing Orientation to Safe Patient Handling & Mobility," that reinforced NIOSH's recommendation that healthcare providers not lift anything more than 35 pounds.  An excerpt from the presentation is attached as Exhibit A.

21. In response to Santiago's disclosure of her medical condition, NYU Langone instructed Santiago to complete a physical examination to ensure that she could perform the responsibilities of the position.

22. Santiago agreed to complete the physical examination.

***NYU Langone Certifies Santiago as Physically Competent to Perform her Role***

23. On or about October 7, 2020, Santiago completed a physical examination performed by NYU Langone Nurse Practitioner Raquel Baniqued ("Baniqued").

4

24. After completing the exam, Baniqued confirmed to Santiago that NYU Langone deemed her physically competent to perform the job. To that end, Baniqued informed Santiago that a report reflecting this determination would be filed with NYU Langone.

25. Baniqued also requested that Santiago submit a letter from her doctor, which Santiago confirmed she would obtain.

26. That same day, immediately following her appointment with Baniqued, Santiago followed up with Iseman in an email confirming that she expected to be cleared to perform the job, pending the submission of a letter from her doctor.

***Despite Santiago Being Deemed Physically Able to Perform the Job, NYU Langone Rescinds the Offer of Employment Based on Santiago's Medical Condition***

27. On or about October 7, 2020, the same day that Santiago completed her required physical examination and was told that she was physically able to work as a Staff Nurse, Iseman reached out to Santiago to rescind NYU Langone's offer of employment.

28. Iseman expressly and specifically told Santiago that NYU Langone rescinded its offer of employment to Santiago because of Santiago's disclosure of her medical restriction.

29. Santiago responded that she was physically able to perform the essential functions of the job and that the physical exam she had undergone, administered by NYU Langone, had confirmed that her disability would not prevent her from performing the role.

30. Santiago further emphasized that her lifting restriction almost directly paralleled the NIOSH's policy recommendation which was explicitly endorsed by NYU Langone.

31. Despite these facts, Iseman refused to reconsider NYU Langone's position.

32. Santiago then advised Iseman that she believed NYU Langone was discriminating against her unlawfully and urged Iseman to consider a request for accommodation and to reinstate the offer of employment.

33. However, Iseman again refused to reconsider Defendant's position and instead confirmed that the offer of employment had been rescinded.

34. Later that day, on October 7, 2020, Iseman followed up her phone call with a formal letter to Santiago rescinding NYU Langone's offer of employment. Specifically, the letter stated that NYU Langone was "unable to accommodate" Santiago's lifting "restriction." The letter further stated that Santiago was "welcome to reapply" should her "circumstances change."

35. By rescinding the offer of employment in this manner, NYU Langone failed to engage in the interactive process which is required by the ADA, NYSHRL and NYCHRL to determine effective reasonable accommodations for someone with a disability.

36. By rescinding Santiago's offer of employment after she disclosed her medical condition, NYU Langone discriminated against Santiago and refused to hire her on the basis of her disability.

37. NYU Langone also failed to reasonably accommodate Santiago's disability, including failing to engage in an interactive process and failing to allow Santiago the opportunity to submit medical documentation which would support her ability to physically fulfill the responsibilities of the Staff Nurse position.

38. NYU Langone also failed to engage in a cooperative dialogue with Santiago, as required under the NYCHRL.

39. NYU Langone's conduct violates the ADA, the NYSHRL, and the NYCHRL.

40. Santiago's disability, including her resulting need for accommodations thereof, was a motivating factor in NYU Langone's decision to rescind its offer of employment.

41. NYU Langone took an adverse employment action against Santiago because of her disability.

42. As a result of NYU Langone's discriminatory conduct, including its decision not to proceed with Santiago's employment and related refusal to grant her a reasonable accommodation, Santiago suffered a loss of income, professional stature, benefits, and other perquisites of employment.

43. As a result of NYU Langone's discriminatory conduct, Santiago has sustained pain and suffering, and severe mental and emotional harm and distress.

44. The aforesaid acts and conduct by NYU Langone and its agents and employees were performed willfully, intentionally, maliciously and with reckless indifference to Santiago's protected rights.

## FIRST CAUSE OF ACTION
*Discrimination Based on Disability in Violation of the ADA, 42 U.S.C. § 12112*

45. Plaintiff repeats and realleges the allegations in paragraphs 1 through 44 inclusive as if fully set forth herein.

46. As a result of its aforesaid acts, Defendant NYU Langone discriminated against Plaintiff on account of her disability in violation of the ADA, including by rescinding Santiago's offer of employment on the basis of her disability, failing to provide accommodations for that disability, and failing to engage in an interactive dialogue.

47. As a result of Defendant's discriminatory and adverse acts, Plaintiff suffered damage, including without limitation, deprivation of income, benefits, and other prerequisites of employment, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to reputation and career.

## SECOND CAUSE OF ACTION
*Discrimination Based on Disability in Violation of the NYSHRL, N.Y. Exec. L. § 296*

48. Plaintiff repeats and realleges the allegations in paragraphs 1 through 47 inclusive as if fully set forth herein.

49. As a result of its aforesaid acts, Defendant NYU Langone discriminated against Plaintiff on account of her disability in violation of the NYSHRL, including by rescinding her offer of employment on the basis of her disability, failing to provide accommodations for that disability, and failing to engage in an interactive dialogue.

50. As a result of Defendant's discriminatory and adverse acts, Plaintiff suffered damage, including without limitation, deprivation of income, benefits, and other prerequisites of employment, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to reputation and career.

## THIRD CAUSE OF ACTION
*Discrimination Based on Disability in Violation of the NYCHRL, N.Y. Admin. Code § 8-101*

51. Plaintiff repeats and realleges the allegations in paragraphs 1 through 50 inclusive as if fully set forth herein.

52. As a result of its aforesaid acts, Defendant NYU Langone discriminated against Plaintiff on account of her disability in violation of the NYCHRL, including by terminating her employment on the basis of her disability, failing to provide accommodations for that disability, and failing to engage in an interactive and/or cooperative dialogue.

53. As a result of Defendant's discriminatory and adverse acts, Plaintiff suffered damage, including without limitation, deprivation of income, benefits, and other prerequisites of employment, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to reputation and career.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(1) Compensatory damages in the form of:

    a. back pay, front pay, and lost benefits in an amount to be shown at the hearing; and

    b. damages for Plaintiff's mental anguish, pain and suffering, and humiliation in an amount to be shown at the hearing;

(2) Punitive damages in an amount not less than $500,000;

(3) Attorneys' fees;

(4) Costs and disbursements;

(5) Interest; and

(6) Such other and further relief as is deemed just and proper.

Dated: New York, New York
       November 28, 2022

BANTLE & LEVY LLP

By: *H. David Krauss*
Sherie N. Buell
H. David Krauss
99 Park Avenue, Suite 1510
New York, New York 10016
(212) 228-9666
*Attorneys for Plaintiff Joanne Santiago*